## Horace Bell *v.* The State.

1. Joint Indictment.—Appellant and two others were jointly indicted for robbery.  Appellant was tried separately, and found guilty; whereupon he moved in arrest of judgment on the ground that the indictment did not charge that he and the others "acted together" in the commission of the act.  *Held*, that the motion was properly overruled; the parties being all charged as principals, it was not necessary to allege a conspiracy among them to do the act.

2. Newly-discovered Evidence. — Motions for new trial on account of newly-discovered evidence are governed by the same rules in criminal as in civil cases.  See the facts of this case for newly-discovered evidence entitling the accused to a new trial.

Appeal from the Criminal District Court of Harris county.  Tried below before the Hon. Gustave Cook.

In August, 1874, William E. Jones, H. C. Ring, and the appellant were jointly indicted for the robbery of James Highland on the 28th of July, 1874.  The defendants severed in their trials.  Ring was first tried, and, being convicted, appealed to the supreme court, by which, in 1875, the judgment was reversed and the cause remanded.  42 Texas, 282.

The charging part of the indictment was as follows:

"That Horace Bell, H. C. Ring, and William E. Jones, late of said county, on the 28th day of the month of July, in the year of our Lord one thousand eight hundred and

seventy-four, in the said county of Harris, in the state of
Texas, with force and arms, then and there, in and upon
one James Highland, a reasonable creature, in the peace of
God and the said state then and there being, did make an
assault, and him, the said James Highland, then and there,
in fear of life and bodily injury, feloniously did put, and
then and there twenty-one gold pieces of the gold coin of
the United States, of the denomination and value each of
twenty-dollars, and two five-dollar bills in United States
currency, commonly called greenbacks, each of the denomi-
nation and value of five dollars, of the corporeal personal
property and money of said James Highland, from the
person and against the will of the said James Highland
then and there feloniously, fraudulently, and violently did
seize, take, and carry away, with intent, from the person of
said James Highland, the said corporeal personal property
and money of said James Highland, to appropriate to their,
said Horace Bell's, H. C. Ring's, and William E. Jones',
own use, and to deprive the owner of the value of the
same, contrary,'' etc.

The appellant, Bell, was tried in October, 1876, found
guilty, and his punishment assessed by the jury at four years
in the penitentiary. James Highland and his wife were the
only witnesses introduced by the state, and the testimony
of the latter did not tend to identify the appellant, or any
other particular persons, as the perpetrators of the robbery.

James Highland testified that the robbery was committed
in the back room of Bell's store, in the city of Houston,
during the afternoon of the day alleged in the indictment,
and that Jones and Bell were the parties actively engaged
in the perpetration of it. He acknowledged to having
taken a drink or two during the day, but denied that he
was drunk at the time the robbery was committed.

The appellant examined several witnesses, some of whom
made statements which tended strongly to contradict so

much of Highland's testimony as implicated the appellant. Some of them also swore that Highland was drunk, in the back room of Bell's store, the afternoon of the day alleged in the indictment.

After the verdict of guilty the appellant's counsel filed a motion for a new trial, and several days later filed an amended motion, on the ground of the newly-discovered evidence adverted to in the opinion of this court. In support of the amended motion the affidavit of Mrs. Lydia Jones, the newly-discovered witness, was filed. She stated that at the time of the robbery she lived in a house in the back yard of Bell's store, and but ten or fifteen paces distant from the store; that late in the evening of the robbery she saw Highland, Jones, Henry Hudson, Joseph Cromer, and Henry Rowland come out of the store-house into the back yard; that Highland was very drunk, and Jones was bathing his head; that Jones put his hand in Highland's pocket, and took out something and put it in his own pocket; that Rowland had in his hand a common pocket-book; that she supposed at the time that the other men were taking care of Highland, because he was drunk, and she did not know they were committing a robbery until she heard of the matter the next morning; that neither Bell nor Ring were among the parties who robbed Highland, nor were they present when it was done; that she had never informed Bell that she knew these facts, because she and her husband were hostile towards him, and because she was afraid of being brought to court to testify.

Bell's affidavit was also filed, alleging that Mrs. Jones had concealed from him her knowledge of the facts set out in her affidavit, though he had frequently conversed with her to elicit information as to what she knew about the matter. In further support of the motion for a new trial, W. H. Crank, Esq., counsel for Bell, filed his affidavit to the effect that it was only since the trial of the case he had

heard that Mrs. Jones could prove the facts alleged in her affidavit.

Appellant also moved in arrest of judgment on the ground that the indictment did not charge that he, Jones, and Ring "acted together in the supposed commission of the offense charged in the indictment."

The court below overruled the motions for new trial and in arrest of judgment, and Bell gave notice of appeal.

*Crank & Webb*, for the appellant, after discussing the refusal of a new trial, proceeded as follows on the motion in arrest of judgment.

The indictment is fatally defective, and, if defective, no verdict and judgment based upon it should stand. The indictment alleges "that Horace Bell, H. C. Ring, and Wm. E. Jones, on the 28th day of July, 1874, etc., did rob James Highland," etc. It nowhere alleges that they acted together. It simply charges that they committed the act, without in any way charging any joint act or conspiracy, and, so far as the allegations of the indictment show, the offense may have been the sole and separate act of either one of the parties. It was doubtless intended to charge the parties as co-conspirators, but it is not alleged properly in the indictment, and, if not alleged, it could not be proved upon the trial. The allegation that "the parties were acting together" was a necessary and substantial allegation. Everything necessary to be proved should be alleged in an indictment. *McCormick* v. *The State*, 22 Texas, 301.

This is an elementary principle. The union of two or more parties in the commission of an offense necessarily involves the idea that they were conspirators; that they acted "jointly" in the commission of the offense. Before this can be proved, however, it must be alleged. It is a general principle that conspiracy must be established before the act or declaration of one co-conspirator can be admitted

as evidence to establish the guilt of any of the others. Whart. Am. Cr. Law, 702.    But, before this can be proved, it must be alleged.    Before it can be proved that parties acted together and jointly in the commission of an offense, they must be so charged in an indictment.    This is nowhere done in the indictment in question.

And yet, from an examination of the testimony, it will appear that it is sought to prove that they acted together, and the defendant has been convicted upon the *acts* and *declarations* of King and Jones, who, according to the evidence, aided him.    Dissect the evidence, separate the acts done by the defendant, as testified to by the witnesses, and it is not established that he committed the offense of which he is convicted.    He may have done some act; but none of the acts committed by him, of themselves, make the offense of robbery.    What he did in connection with others, all combined, may have been robbery; but as he is not charged in the indictment with *acting with them*, as there is no charge of joint action or conspiracy, any evidence going to establish such joint action, in the absence of the allegation, was improperly admitted, and a conviction upon such an indictment and proof should not be permitted to stand.

*F. M. Spencer*, for the State.

1st. The indictment is sustained both by principle and precedent.

The Penal Code, in defining who are principals, simply reduces to statutory form the common law on the same subject, with this distinction: that early at common law the actual perpetrator of the crime was called principal in the *first* degree, while those who were present, keeping watch, aiding, abetting, encouraging by words, etc., were denominated principals in the *second* degree; but this distinction has long since exploded, and now the act of one is, constructively, the act of all.    The stroke of the actual perpe-

trator of the offense is a blow from the hand of each of the principals engaged. 1 Whart. Am. Cr. Law, sec. 129 ; 1 Chitty on Cr. Law, 256.

The punishment of principals in the first and second degrees was the same ; the only difference consisted in that the principal in the first degree should be first tried. 1 Chitty on Cr. Law, 259.

The indictment in question, or so much thereof as is objected to, is but the copied form of precedents prepared after mature deliberation by those of the most accurate learning in the profession, and have been followed in the most absolute confidence for a century. 3 Chitty on Cr. Law, 807, 1118 ; 1 Whart. Prec. of Indict. 149, 382.

This, then, being correct pleading at common law, *a fortiori* an indictment under our law and practice—which recognizes no distinctions among principals—must be good when it charges principal offenders in the manner and form of approved precedents at common law. Ib.

For definition of principals, under our Code, see Pasc. Dig., Arts. 1809–1813.

We confidently assert that no well-considered authority can be found sustaining the motion in arrest. We go further, and say that several offenders may, also, in misdemeanors, for different offenses of the same kind, be in some cases included in the same indictments ; but the word " severally" must be inserted, which makes it several as to each of them. 1 Chitty on Cr. Law, 269 ; *Lewellen* v. *The State*, 18 Texas, 538.

The presence or absence of the word " *severally* " or " *separately* " is what marks and distinguishes a *joint* from a *several* indictment.

WINKLER, J. The motion in arrest of judgment was properly overruled. The several parties charged with the

commission of the offense are all charged as principal ·offenders in the crime, and not as principals and accessories.

All persons are principals who are guilty of acting in the ·commission of an offense. Where an offense is actually ·committed by one or more persons, but others are present, and, knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch, so as to prevent the interruption of those engaged in committing the offense, such persons so ·aiding, encouraging, or keeping watch, are principal ·offenders, and may be prosecuted and convicted as such. Pasc. Dig., Arts. 1809, 1810.

It is only necessary to charge all such as having committed the crime alleged, and not necessary to allege a ·conspiracy to do the act.

With regard to the motion for new trial, in view of the fact that so many witnesses are arrayed against the principal witness for the state—particularly as to his condition at the time of the alleged commission of the offense, and his statements made to others concerning it—we cannot tell what would have been the effect of the additional testimony ·contained in the affidavit of Lydia Jones, presented in connection with the motion for new trial, and the defendant's affidavit that her testimony is newly discovered.

Motions for new trial on this ground are governed by the ·same rules in criminal prosecutions as are prescribed in civil suits. Pasc. Dig., Art. 3137, par. 6.

The motion and affidavits accompanying it appear to ·comply substantially with the rules which govern in such cases. It is made to appear that a material part of the newly-discovered evidence was unknown to the accused at the time of the trial, and, if the reasons given are true, it is not likely that any diligence on the part of the accused

could have discovered it; and whilst it may seem strange· that the state of feeling said to have existed prior to the· trial should have so suddenly changed, yet the facts are· sworn to exist, and the affidavits are not contradicted. A. part of the evidence the affidavits state this witness would. produce is not cumulative or contradictory, and appears. upon its face to be of such importance as to be likely to· influence a different verdict. It so appears from the record before us, and we can look to nothing else. Under all the· circumstances, we are of opinion the defendant's motion for· new trial should have been granted, and for this purpose: the judgment is reversed and the cause remanded.

*Reversed and remanded.*